IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANDREW JOST,

Plaintiff,

v.

SYNOPSIS, INC., a Delaware corporation,

Defendant.

No. 3:21-cv-01793-HZ

OPINION & ORDER

Brian Donald Potter
3236 S.W. Kelly Avenue, Suite 101
Portland, OR 97239

Attorney for Plaintiff

Erin Connell
Orrick, Herrington, & Sutcliffe LLP
405 Howard Street, 7th Floor
San Francisco, CA 94105

Kathryn G. Mantoan
Orrick, Herrington & Sutcliffe LLP
1120 NW Couch St., Suite 200
Portland, OR 97209

Lyubov Lerner
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa, Suite 3200
Los Angeles, CA 91364

Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiff Andrew Jost brings this action against his employer, Defendant Synopsis, Inc. Plaintiff brings claims for unlawful employment practice under Oregon Revised Statute § ("O.R.S.") 652.220, alleging that Defendants paid him wages and other compensation at a lesser rate than a similarly situated employee who is of a different race and national origin. Plaintiff also brings a claim for racial discrimination in terms, conditions, or privileges of employment under O.R.S. 659A.030. Before the Court is Defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court grants Defendant's motion.

**BACKGROUND**

Defendant is a software design company that operates a facility in Hillsboro, Oregon. Am. Compl. ¶ 5, ECF 7. Plaintiff has worked for Defendant as a software engineer since around 2007. *Id.* at ¶ 6. Plaintiff, who is Caucasian and a born United States citizen, alleges that since January 1, 2019, he has received wages and other compensation at a lesser rate than another software engineer employed by Defendant who is "Asian by race" and "was born in China." *Id.* at ¶¶ 7-10, 13. Plaintiff asserts that he has "performed work of a comparable character," which "requires substantially similar knowledge, skill, effort, and responsibility," under "the same working conditions" as his coworker. *Id.* at ¶¶ 11, 12. Plaintiff also claims that Defendant has "misclassif[ied] him as compared with its classification of certain individuals" employed by Defendant "who are Asian by race and/or whose nation of origin is China who have been

comparably situated to Plaintiff." *Id.* at ¶ 25. Plaintiff seeks to recover the difference between the wages and other compensation Defendant paid to his coworker who is "Asian by race" and those paid to him. *Id.* at ¶¶ 15, 20. Plaintiff also seeks compensatory damages. *Id.* at ¶¶ 16, 21, 27.

**STANDARDS**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

## DISCUSSION

Plaintiff brings three claims for relief against Defendant. First, Plaintiff asserts a claim under O.R.S. 652.230 for violation of Plaintiff's right under O.R.S. 652.220 to be paid the same wages and other compensation as a similarly situated employee who is of a different race and national origin. Second, Plaintiff brings the same claim under O.R.S. 659A.885, again alleging that Defendants violated his right to equal pay under O.R.S. 652.220.[1] Third, Plaintiff brings a claim for unlawful discrimination in employment because of race and national origin under O.R.S. 659A.030. Defendant moves to dismiss all claims, asserting that Plaintiff's Amended Complaint "does not plead sufficient facts to support his three claims for relief." Def. Mot. Dismiss 2, ECF 19. Defendant argues that Plaintiff makes only conclusory allegations that "contain no factual predicate to make his claims plausible." *Id.*

### I. Claims for Violation of O.R.S. 652.220

Both Plaintiff's first claim under O.R.S. 652.230 and his second claim under O.R.S. 659A.885 allege that Defendant violated his rights under O.R.S. 652.220.[2] As such, whether each claim survives a motion to dismiss under Rule 12(b)(6) depends on whether Plaintiff has pled

---

[1] Both O.R.S. 652.230 and O.R.S. 659A.885 authorize recovery in civil actions brought by individuals for claims of unlawful wage discrimination under O.R.S. 652.220. "An employee who asserts a violation under this section may file . . . a civil action under ORS 652.230 (Employee right of action against employer for unpaid wages and damages) *or* a civil action under 659A.885 (Civil action)." O.R.S. 652.220(7) (emphasis added).

[2] O.R.S. 652.230(1) provides:

> (1) Any employee whose compensation is at a rate that is in violation of O.R.S. 652.220 shall have a right of action against the employer for recovery of:
> (a) The amount of unpaid wages to which the employee is entitled for the one year period preceding the commencement of the action; and
> (b) An additional amount as liquidated damages equal to the amount referred to in paragraph (a) of this subsection.

O.R.S. 659A.885(1) provides: "Any person claiming to be aggrieved by an unlawful practice specified in subsection (2) of this section may file a civil action in circuit court." Subsection (2) includes claims alleging violation of O.R.S. 652.220.

sufficient facts to state a plausible claim for violation of O.R.S. 652.220. Conversely, if Plaintiff has failed to adequately allege facts from which the Court can reasonably infer that Defendant violated his rights under O.R.S. 652.220, he does not state a claim under either O.R.S. 652.230 or O.R.S. 659A.885. Thus, the Court addresses Plaintiff's first and second claims jointly.

> O.R.S. 652.220(1) provides that it is unlawful for any employer to:
>
> (a) In any manner discriminate between employees on the basis of a protected class in the payment wages or other compensation for work of comparable character.
>
> (b) Pay wages or other compensation to any employee at a rate greater than that at which the employer pays wages or other compensation to employees of a protected class for work of comparable character.

O.R.S. 652.220(1). In his response to Defendant's motion to dismiss, Plaintiff clarifies that his claims are based on subsection (1)(b) of the statute rather than subsection (1)(a). Pl. Resp. Def. Mot. Dismiss 7-13, ECF 22. Under O.R.S. 652.220(1)(b), Plaintiff must allege sufficient facts to plausibly suggest that Defendant paid him "wages or other compensation" at a lesser rate than other employees who are not members of his "protected class" for "work of comparable character." But Plaintiff need not allege facts indicating that Defendants intended to discriminate against him; he need only allege facts showing that other employees who are not members of his protected class received compensation at a greater rate for comparable work. *See Smith v. Bull Run Sch. Dist. No. 45*, 80 Or. App. 226, 229, 722 P.2d 27, 29 ("In actions for unequal pay under 652.220(1)(b), plaintiffs do not have the burden of proving that the pay differential *was based on* [the protected class].") (emphasis added).

Oregon statute defines a "protected class" as "a group of persons distinguished by race, color, religion, sex, sexual orientation, national origin, marital status, veteran status, disability or age." O.R.S. 652.210(5). Plaintiff alleges that he is Caucasian by race and was born in the United States. To the extent that he alleges he was treated differently than

his coworker who is of a different race and nationality, Plaintiff adequately asserts facts that show he is a member of a "protected class."

However, Plaintiff alleges no facts to support his claim that he performed "work of comparable character" to his coworker who is "Asian by race." Am. Compl. ¶¶ 10, 11. Rather, Plaintiff simply recites verbatim the definition of "work of comparable character" as provided by Oregon statute. *See id.* at ¶ 11 ("Plaintiff's work requires substantially similar knowledge, skill, effort, and responsibility as that required of the work by [his coworker]."); *id* at ¶ 12 ("[T]he working conditions in which Plaintiff has performed his work for Defendant have been the same working conditions in which [his coworker] has performed his work for Defendant."). Oregon statute defines "work of comparable character" as "work that requires substantially similar knowledge, skill, effort, responsibility and working conditions in the performance of work regardless of job description or title." O.R.S. 652.210(13). Plaintiff's word-for-word recitation of the statutory definition of "work of comparable character" presents a legal conclusion rather than factual allegations.

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. A complaint may be dismissed under Rule 12(b)(6) based on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

Plaintiff pleads no facts to support his asserted legal conclusion that he performed comparable work under the same working conditions as his coworker. "Oregon courts

have held that 'comparable work' is a more inclusive standard than equal work." *Freyd v. Univ. of Oregon*, 990 F.3d 1211, 1223 (9th Cir. 2021). But Plaintiff fails, even in the most basic manner, to describe the work done by him and his coworker or to explain why he believes such work to be similar. Plaintiff does not state what tasks he performs in the course of his work or what skills are needed. Plaintiff fails to describe the quantity of work he has performed and how that compares with his coworker. Nor does Plaintiff allege facts demonstrating that the quality of his work is on par with that of his coworker. Finally, Plaintiff presents no basis for his belief that his coworker has been paid higher wages than him. Rather, Plaintiff offers only conclusory statements devoid of factual content. *See Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'").

Without pleading sufficient facts, Plaintiff asks the Court to speculate as to whether his conclusory statements plausibly assert that he is entitled to relief. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right of relief above the speculative level."). The only facts the Court can discern from the Amended Complaint are that Plaintiff and his coworker are "software engineers" and that Plaintiff is Caucasian while his coworker is Asian. But Plaintiff does not plead adequate facts from which the Court could discern whether his claims that Defendant violated his rights under O.R.S. 652.220 are plausible. Accordingly, the Court grants Defendants motion to dismiss Plaintiff's first and second claims.

## II. Claim for Violation of O.R.S. 659A.030

Plaintiff brings his third claim for relief under O.R.S. 659A.030, which provides that it is an unlawful employment practice "[f]or an employer, because of an individual's race, color, religion, sex, sexual orientation, national origin, marital status or age . . . to discriminate against the individual in compensation or in terms, conditions or privileges of employment." O.R.S. 659A.030(1)(b). Claims brought under O.R.S. 659A.030 are analyzed under the same burden-shifting framework as for claims brough under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. *Dawson v. Entek Int'l*, 630 F.3d 928, 934-35 (9th Cir. 2011); *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801-04 (1973). To make a prima facie case for unlawful discrimination based on race under O.R.S. 659A.030, a plaintiff must show: "(1) she is a member of a protected class; (2) she was qualified for her position and the positions for which she applied; (3) she experienced an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably[.]" *Davis v. Tri-Cnty. Metro. Transp. Dist. of Or.*, 45 F. Supp. 3d 1222, 1251 (D. Or. 2014). A plaintiff need not plead each of these elements specifically in a complaint to survive a motion to dismiss. *Sheppard v. David Evans and Assoc.*, 694 F.3d 1045, 1050 n.2 (9th Cir. 2012). Nevertheless, pled facts as to these elements "help to determine whether Plaintiff has set forth a plausible claim." *Haro v. Therm-X of Cal., Inc.*, No. 15-cv-02123-JCS, 2015 WL 5121251, at *3 (N.D. Cal. Aug. 28, 2015).

Plaintiff alleges that "Defendant has committed an unlawful employment practice against [him] in violation of ORS 659A.030(1)(b) by misclassifying him as compared with its classification of certain individuals who are Asian by race and/or whose nation of origin is China who have been comparably situated to Plaintiff." Am. Compl. ¶ 25. As with his first two claims, Plaintiff adequately alleges that he is a member of protected class. But Plaintiff's allegation that

he was "misclassified" lacks sufficient specificity to state a claim that he suffered an adverse employment action based on his race.

Plaintiff does not explain what the "classification" of certain individuals means in the context of his employment. Plaintiff also fails to describe his classification as compared to that of the unnamed individuals. Without such context, the Court cannot discern whether it is plausible that Plaintiff was harmed by Defendant's actions. Plaintiff does not indicate who the "certain individuals" of Asian descent are and presents no facts demonstrating that his work performance is comparable to theirs. Because Plaintiff alleges no facts that move his claim beyond a conclusory legal allegation, Plaintiff essentially makes an impermissible "unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678. Accordingly, as to his third claim for relief under O.R.S. 659A.030(1)(b), the Court finds that Plaintiff fails to state a plausible claim upon which relief can be granted.

**CONCLUSION**

The Court GRANTS Defendant's Motion to Dismiss [19].

IT IS SO ORDERED.

DATED: August 1, 2022.

MARCO A. HERNÁNDEZ
United States District Judge